UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DUONE MORRISON,

                              Petitioner,

                    – against –

WILLIAM F. KEYSER,

                              Respondent.

**ORDER**

20 Civ. 4398 (ER)

RAMOS, D.J.:

On June 5, 2020, incarcerated *pro se* litigant Duone Morrison filed a Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 seeking release from custody due to the conditions

at Sullivan Correctional Facility during the COVID-19 pandemic.  Doc. 1.  On August 24, 2020,

Respondent submitted a motion to dismiss the petition.  Doc. 13.  The case was then stayed on

September 4, 2020 as Morrison sought to exhaust his state habeas claim in state court.  Doc. 18.

In a letter dated December 27, 2021, Morrison informed the Court that the Third Department had

dismissed the appeal of his denied state habeas claim on June 17, 2021 due to the fact that

Morrison had been transferred to a different correctional facility, mooting his claim.  Doc. 22.

Morrison received notice of entry of this decision on August 3, 2021.  Doc. 23 at 5.  Morrison

thus requested that the stay be lifted and that he be permitted to amend his petition.  Doc. 22.

Respondent then submitted a letter on January 5, 2022 arguing that the stay should be lifted and

the case dismissed because the petition became moot in light of Morrison's transfer to a different

facility and Morrison failed to exhaust his state court remedies by not seeking leave to appeal the

Third Department's decision.

The Court agrees with Respondent.  State remedies must be exhausted before a federal

court may grant a federal habeas claim.  28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of

habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not

be granted unless it appears that the applicant has exhausted the remedies available in the courts

of the State").  If the petitioner receives an adverse state appellate court decision, "he should then

seek leave to appeal to the New York Court of Appeals, the highest New York State court."  *See*

*Simpson v. Keyser*, No. 20 Civ. 6408 (AJN), 2020 WL 5946944, at *3 (S.D.N.Y. Oct. 7, 2020).

Here, Morrison received notice of entry of an adverse state appellate court decision on

August 3, 2021.  Doc. 23 at 5.  Morrison's deadline to seek leave to appeal that decision was 35

days later on September 7, 2021.  *See* C.P.L. § 460.10(5); C.P.L.R. 5513(d); C.P.L.R.

2103(b)(2), (c) (requiring an appeal within 30 days with 5 additional days if service is by mail).

Morrison did not seek leave to file such an appeal and is now barred from doing so.  "When a

petitioner can no longer present his unexhausted claim of trial error to the state courts, we deem

the claim procedurally barred.  Because [the petitioner] shows no cause for or prejudice from the

failure to raise the claim, and failing to consider it will not result in a fundamental miscarriage of

justice, his claim cannot proceed."  *Richardson v. Superintendent of Mid-Orange Corr. Facility*,

621 F.3d 196, 201–02 (2d Cir. 2010) (internal quotation marks and citations omitted); *see also*

*Lithgow v. Keyser*, No. 20 Civ. 3655 (VEC) (RWL), 2021 WL 4200722, at *4 (S.D.N.Y. Aug.

16, 2021), *report and recommendation adopted*, No. 20 Civ. 3655 (VEC), 2021 WL 4391122

(S.D.N.Y. Sept. 24, 2021) (dismissing federal habeas claim where petitioner did not appeal to the

highest court in the state before the deadline).

For these reasons, the stay is lifted and Morrison's petition for habeas corpus is

dismissed.  The Clerk of Court is respectfully requested to terminate the case and mail a copy of

this Order to the petitioner.

It is SO ORDERED.

Dated:    January 6, 2022
          New York, New York

                                      Edgardo Ramos, U.S.D.J.